# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

ROY BROWN,  )
  )
   Petitioner,  )
  )
v.  )  No. 4:22CV755 HEA
  )
DAVID VANDERGRIFF,  )
  )
   Respondent.  )
  )

## OPINION, MEMORANDUM AND ORDER

Petitioner filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. [Doc. 1]. Respondent filed a Response to the Court's Order to Show Cause Why Relief Should Not Be Granted. [Doc. 7]. For the reasons set forth below, the Petition will be denied and dismissed.

### Facts and Background

Petitioner was charged in the Circuit Court of the City of St. Louis, Missouri with four counts of robbery in the first degree, nine counts of robbery in the second degree, one count of attempted robbery in the second degree, and one count of resisting arrest. A jury found him not guilty of two counts of second-degree robbery and guilty of the remaining offenses.

Petitioner timely appealed to the Missouri Court of Appeals, arguing that there was insufficient evidence to convict him of one count of attempted

second-degree robbery and one count of first-degree robbery and that the written sentence and judgment contained clerical errors. The appellate court affirmed the judgment but reversed and remanded the case to the trial court with instructions to correct the clerical mistakes in the written sentence and judgment.

On November 8, 2018, Petitioner timely filed a pro se post-conviction motion under Missouri Supreme Court Rule 29.15, alleging twelve bases for relief that included several claims of trial-court error and claims of ineffective assistance of trial counsel for failing to: impeach two of the state's witnesses, Justin Durel and Shadia Wade; retain an expert; object to the admission of certain evidence; and challenge the legality of license-plate reading technology used by police during the investigation. The motion court appointed counsel on December 3, 2018, which made the amended Rule 29.15 motion due 60 days later on February 1, 2019. Post-conviction counsel moved for an extension of time, but because the motion court did not rule on the motion, the due date remained the same. Counsel then filed an untimely amended Rule 29.15 motion on March 4, 2019, along with a request to permit the untimely filing because counsel had mistakenly assumed that the court had granted an extension.

The amended Rule 29.15 motion alleged that: (1) trial counsel was ineffective for failing to have a hearing on the motion to suppress statements or, in the alternative, for failing to order a transcript of the suppression hearing; (2) trial

counsel was ineffective for erroneously advising Petitioner to waive jury sentencing; and (3) appellate counsel was ineffective for failing to obtain a transcript of the suppression hearing. On March 25, 2019, the motion court denied the amended Rule 29.15 motion without conducting an abandonment inquiry and without an evidentiary hearing. The motion court only addressed the merits of the claims in the amended motion and did not address the claims in the pro se motion. On the same day that the motion court denied the amended Rule 29.15 motion, counsel filed a motion requesting that the court conduct an abandonment inquiry, but the court never ruled on that motion.

Petitioner appealed to the Missouri Court of Appeals, raising four points on appeal. In his first point, Petitioner argued that the motion court clearly erred in failing to conduct an abandonment inquiry on the untimely amended Rule 29.15 motion. The remaining three points were the same claims regarding the ineffective assistance of trial and appellate counsel that post-conviction counsel raised in the untimely amended Rule 29.15 motion.

On June 2, 2020, the Missouri Court of Appeals concluded that the motion court failed to conduct an independent abandonment inquiry and did not consider the claims asserted in the timely pro se Rule 29.15 motion. Thus, the appellate court reversed and remanded the case to the motion court with instructions to conduct an independent inquiry to determine whether post-conviction counsel

3

abandoned Petitioner. Because the first point was dispositive, the appellate court did not address the remaining three points on appeal.

On November 30, 2020, the motion court issued an order finding that Petitioner was abandoned by his former post-conviction counsel. The motion court noted that on September 22, 2020, Petitioner filed a verified affidavit stating that he had been abandoned by his former counsel and that he did not wish to proceed with the claims raised by his former counsel in the amended Rule 29.15 motion. Instead, Petitioner stated that he wished to proceed on the claims in his pro se Rule 29.15 motion. Thus, the motion court granted Petitioner's request to disregard the amended Rule 29.15 motion, addressed the claims in Petitioner's pro se Rule 29.15 motion, and denied the motion for failure to allege facts entitling him to relief.

Petitioner appealed the denial of his pro se Rule 29.15 motion, reiterating his contention that trial counsel was ineffective for failing to impeach witnesses Durel and Wade. On November 23, 2021, the Missouri Court of Appeals affirmed the motion court's judgment.

In his habeas petition, Petitioner raises four grounds for relief, alleging that: (1) the motion court failed to conduct an abandonment inquiry on the untimely filed amended Rule 29.15 motion; (2) trial counsel was ineffective for failing to have a hearing on the motion to suppress statements or, in the alternative, failing to order a transcript of the suppression hearing; (3) trial counsel was ineffective for

4

erroneously advising the movant to waive jury sentencing; and (4) appellate counsel was ineffective for failing to obtain a transcript of the suppression hearing.

## Standard of Review

Federal habeas relief is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a claim has been adjudicated on the merits in state court, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that an application for a writ of habeas corpus cannot be granted unless the state court's adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, held that:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S.

5

> Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412-13 (2000). Furthermore, the Williams Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 409.

A state court decision must be left undisturbed unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or the decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. *Colvin v. Taylor*, 324 F.3d 583, 586-87 (8th Cir. 2003). A decision is contrary to United States Supreme Court precedent if it decides a case based on a different rule of law than the rule dictated by United States Supreme Court precedent, or it decides a case differently than the United States Supreme Court did on materially indistinguishable facts. *Id.* at 587 (quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)).

A decision may only be overturned as an unreasonable application of clearly established United States Supreme Court precedent if the decision is both wrong and an objectively unreasonable interpretation or application of United States Supreme Court precedent. *Id.* "[A] federal habeas court may not grant relief simply because it concludes in its independent judgment that the relevant state-court

6

decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 365. A state court's factual determinations are presumed to be correct, and this presumption can only be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**Procedural Default**

To preserve a claim for federal habeas review, a state prisoner "must present that claim to the state court and allow that court an opportunity to address his claim." *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted." *Id.* (citing *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992)); *see also Martinez v. Ryan*, 566 U.S. 1, 9 (2012) (noting that, under the doctrine of procedural default, "a federal court will not review the merits of claims . . . that a state court declined to hear because the prisoner failed to abide by a state procedural rule").

The federal habeas court will consider a procedurally defaulted claim only "where the petitioner can establish either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice." *Id.* (citing *Sawyer*, 505 U.S. at 338-39). To demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply

7

with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish prejudice, "[t]he habeas petitioner must show 'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). Lastly, to assert the fundamental miscarriage of justice exception, a petitioner must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)).

The Supreme Court in *Martinez* announced a narrow equitable rule for § 2254 petitions brought by prisoners in states like Missouri that require prisoners to raise ineffective-assistance-of-trial-counsel claims in collateral proceedings. In *Martinez*, the Supreme Court held that such a prisoner may establish cause for the procedural default of an ineffective-assistance-of-trial-counsel claim in two circumstances: (1) "where the state courts did not appoint counsel in the initial-review collateral proceeding," and (2) "where appointed counsel in the initial-review collateral proceeding . . . was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984)." *Martinez*, 566 U.S. at 14. "To overcome the procedural default, a prisoner must also demonstrate that the

8

underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that . . . the claim has some merit." *Id.*

## Discussion

**Ground One – The Motion Court Failed to Conduct an Abandonment Inquiry**

In Ground One of the Petition, Petitioner alleges that the motion court erred in denying the amended Rule 29.15 motion without conducting an independent abandonment inquiry. Petitioner asserts that his former post-conviction counsel untimely filed the amended motion, which created a presumption of abandonment.

The Court finds no basis for relief as to Ground One because Petitioner properly raised the issue in his first post-conviction appeal and was granted relief. Specifically, the Missouri Court of Appeals addressed this issue by reversing and remanding the case to the motion court with instructions to conduct an independent abandonment inquiry [Doc. 7-6 at 6], and on remand, the motion court conducted an independent abandonment inquiry and found that Petitioner had been abandoned by post-conviction counsel [Doc. 7-7 at 2, 12]. Ground One also fails because an infirmity in Petitioner's Rule 29.15 proceeding is not a cognizable claim in a federal habeas corpus action. *See Gee v. Groose*, 110 F.3d 1346, 1351-52 (8th Cir. 1997) ("[A]n infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition." (quoting

9

*Jolly v. Gammon*, 28 F.3d 51, 54 (8th Cir. 1994))). Consequently, Ground One must be denied.

**Grounds Two, Three and Four – Ineffective Assistance of Counsel**

Petitioner asserts in Ground Two that trial counsel was ineffective for failing to request a hearing on the motion to suppress or, alternatively, failing to order a transcript of the suppression hearing. In Ground Three, he alleges that trial counsel was ineffective for erroneously advising him to waive jury sentencing. Petitioner claims in Ground Four that appellate counsel was ineffective for failing to obtain a transcript of the suppression hearing. Respondent argues that Grounds Two, Three and Four are procedurally defaulted because he did not raise them in his second post-conviction appeal. The Court agrees.

In Missouri, a claim must be "presented 'at each step of the judicial process' in order to avoid default." *Jolly v Gammon*, 28 F.3d 51, 53 (8th Cir. 1994) (quoting *Benson v. State*, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980)). "Failure to raise a claim on appeal from the denial of a post-conviction motion erects a procedural bar to federal habeas review." *Id.* (citing *Gilmore v. Armontrout*, 861 F.2d 1061, 1065 (8th Cir. 1988)); *Reese v. Delo*, 94 F.3d 1177, 1181 (8th Cir. 1996) ("In Missouri, a claim presented in a Rule 29.15 motion but not advanced on appeal is considered abandoned." (citing *Sloan v. Delo*, 54 F.3d 1371, 1382 (8th Cir. 1995))).

10

Here, Petitioner raised Grounds Two, Three and Four in the amended Rule 29.15 motion filed by former counsel, but after the first remand, Petitioner specifically requested that the motion court disregard his amended Rule 29.15 motion and, instead, address only the claims in his pro se Rule 29.15 motion. Additionally, Petitioner did not raise those claims on appeal from the denial of his pro se motion. Because Petitioner did not raise Grounds Two, Three and Four at each stage of the judicial process, they are procedurally defaulted. *See Jolly*, 28 F.3d at 53; *Reese*, 94 F.3d at 1181.

The petition contains no allegations regarding cause or prejudice, and despite having been granted an extension of time to file a reply to Respondent's answer, Petitioner still has not filed a reply. *See Skillicorn v. Luebbers*, 475 F.3d 965, 976-77 (8th Cir. 2006) ("Unless a habeas petitioner shows cause and prejudice or that he is actually innocent of the charges, a court may not reach the merits of procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising the claims."). Additionally, the equitable rule announced in *Martinez* does not apply here because the failure to raise Grounds Two, Three and Four on remand was not the result of post-conviction counsel's ineffectiveness or absence. Instead, the motion court disregarded the claims in the amended Rule 29.15 motion and addressed only the claims raised in the pro se Rule 29.15 motion because Petitioner specifically

11

requested that it do so. *See Franklin v. Hawley*, 879 F.3d 307, 313 (8th Cir. 2018) ("In order to arrive at the conclusion that attorney error is not cause due to the attorney's status as the prisoner's agent, a necessary premise is that the prisoner's own failure to act cannot constitute cause." (citing *Coleman*, 501 U.S. at 753); *Coleman*, 501 U.S. at 753 (explaining that "'cause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him" (citing Murray, 477 U.S. at 488)). Thus, Grounds Two, Three and Four must be denied.

## Conclusion

For the foregoing reasons, the Court concludes that the grounds in Petitioner's Petition for Writ of Habeas Corpus are either procedurally barred or fail on the merits and must be denied in all respects.

## Certificate of Appealability

When a district court issues an order under § 2254 adverse to the applicant, it "must issue or deny a certificate of appealability." R. Governing Section 2254 Cases in the U.S. Dist. Cts., R. 11. If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability if the prisoner has shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*; *see also Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002).

For the reasons stated in this Opinion, Memorandum and Order, the Court finds that Petitioner's claims in Grounds Two, Three and Four are procedurally defaulted. The Court also finds that the denial of Petitioner's claim in Ground One is based on such a clear record and well-established law that no reasonable jurist would find it debatable that no constitutional right of Petitioner was denied. Therefore, no certificate of appealability will issue in this case.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, [Doc. 1], is **DENIED AND DISMISSED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

13

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 9th day of April, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE